UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES D. MAYNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-168 |
| ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of the Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 15]. Plaintiff James D. Maynor ("Plaintiff") seeks judicial review of the decision by Administrative Law Judge ("ALJ") K. Dickson Grissom to deny him benefits, which was the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On February 7, 2005, the Plaintiff filed an application for supplemental security income ("SSI") and an application for disability insurance benefits ("DIB"). [Tr. 90-91]. On the application, the Plaintiff alleged a period of disability which began on January 16, 2004. [Tr. 90-91]. On August 22, 2007, ALJ Grissom held a hearing, and then issued a decision finding the Plaintiff "not disabled"

1

on October 22, 2007. [Tr. 11-21]. On February 26, 2010, the Appeals Council denied the Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. [Tr. 3-7]. The Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g).

## I.  ALJ FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since January 16, 2004 the alleged onset date (CFR 404.1520(b), 20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: history of polysubstance dependence and abuse; antisocial personality disorder; major depressive disorder, recurrent - rule out malingering; history of cervical disc herniation - status post discectomy and fusion; and lumbar disc protrusion without neural compression (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform at least light work, except he is precluded from repetitive twisting/turning of the head, and performing tasks requiring he elevate his arms above his shoulders. Additionally, the Administrative Law Judge concludes that he is precluded from climbing ropes/ladders/scaffolds, and limited to occasional stair climbing, stooping, bending from the waist to the floor, crouching, and/or crawling. He is limited to carrying out tasks involving simple instructions. Contact with co-workers and the general public should be casual and infrequent; supervision should be direct and non-confrontational; and changes in the workplace should be introduced gradually.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 30, 1962 and at the time of alleged disability onset was 41 years old, which is defined as a younger individual age 18-49 (20 CRF 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 16, 2004 through the date of this decision. (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 15-20].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI if he has financial need and he is aged, blind, or under a disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.

3

§§ 423(d)(1)(A). An individual shall be determined to be under a disability only if his physical and/or mental impairments are of such severity that he is not only unable to do his previous work, but also cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

Plaintiff bears the burden of proof at the first four steps. Id. The burden of proof shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

4

### III. STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

### IV. ANALYSIS AND BASIS FOR REMAND

The Plaintiff presents the Court with one argument on appeal. The Plaintiff argues that the ALJ erred by failing to properly consider the informed opinions of his treating professionals, Robert M. Martin, M.S., C.F.N.P., and Tom McColloch, L.C.S.W. [Doc. 12 at 9]. The Commissioner contends that the ALJ's disability determination should be upheld because he clearly set out the rationale supporting his decision. [Doc. 16 at 12].

**A. The ALJ's Treatment of Robert M. Martin, M.S., C.F.N.P., and Tom McColloch, L.C.S.W.**

The Plaintiff argues that the ALJ failed to properly consider the opinions of treating professionals, Mr. Martin and Mr. McColloch, in his decision. [Doc. 12 at 9]. Specifically, the Plaintiff asserts that the ALJ committed reversible error by failing to discuss the opinions of Mr. Martin and Mr. McColloch and explain the weight that he afforded the opinions. [Doc. 12 at 12]. The Commissioner responds that while the Plaintiff is correct in stating that the ALJ failed to mention the weight he afforded Mr. Martin's opinion, it is incorrect to assume that he did not consider Mr. Martin's opinion. [Doc. 16 at 14]. In addition, the Commissioner asserts that Mr. McColloch's opinion is of little evidentiary value because Mr. McColloch had only been seeing the Plaintiff for less than three months and his opinion appears to rely extensively on the Plaintiff's subjective statements. [Doc. 16 at 15].

In this case, Mr. Martin completed a "Medical Assessment Form" regarding the Plaintiff's physical condition. [Tr. 359-360]. Mr. Martin indicated that the Plaintiff could lift one to five pounds infrequently and that he could never lift more than that amount. [Tr. 359]. Mr. Martin also opined that the Plaintiff could stand or walk for one hour in an eight hour day and for twenty minutes at a time. [Tr. 359]. In addition, Mr. Martin opined that sitting for the Plaintiff was limited to one hour in an eight-hour day and to thirty minutes at a time. [Tr. 359]. In support of these limitations, Mr. Martin noted the Plaintiff's disc protrusion at L4-L5 and anterior cervical fusion at C6-7. [Tr. 359]. Moreover, Mr. Martin advised that the Plaintiff should never do any climbing, crouching, kneeling, crawling, or reaching above his shoulders. [Tr. 359A]. Mr. Martin again cited the right lateral disc protrusion at L4-L5 and the anterior cervical fusion at C6-7 as support for these limitations. [Tr. 360]. Finally, Mr. Martin also responded to a question that asked him to identify

6

any other work-related activities that would be affected by the Plaintiff's impairments. [Tr. 360A]. Mr. Martin answered "major depression." [Tr. 360A]. Mr. Martin supported this finding by adding "anger, depression, insomnia, Paxil." [Tr. 360A].

In addition, on December 23, 2004, Tom McColloch, LCSW, filled out a form entitled "Assessment of Mental Limitations" for the Plaintiff. [Tr. 455-57]. With two exceptions, which he rated "fair," Mr. McColloch rated the Plaintiff's functioning as "poor" in eleven of areas of psychological job functioning. [Tr. 456-57]. Mr. McColloch reported that the Plaintiff had an extremely poor occupational functioning history. [Tr. 457]. Mr. McColloch also reported that the Plaintiff had a mood disorder and that bi-polar disorder would have to be ruled out. [Tr. 457].

The Court agrees with Plaintiff, and finds that the ALJ's failure to expressly discuss Mr. Martin's "Medical Assessment Form" [Tr. 359-60] and Mr. McColloch's "Assessment of Mental Limitations" [Tr. 505-07] in his narrative decision must be characterized as error. The Court initially notes that Mr. Martin and Mr. McColloch are not an acceptable medical sources.[1] But that fact alone did not free the ALJ from all responsibility to consider and expressly address the evaluations of Mr. Martin and Mr. McColloch. SSR 06-03p imposes procedural requirements on ALJs regarding the consideration of opinions from "other sources." 2006 WL 2329939, at *6. Regardless of whether Mr. Martin and Mr. McColloch Evaluations are opinions from an "other source," the ALJ was

---

[1] When determining a claimant's RFC, an ALJ is required to evaluate every medical opinion in the record, regardless of its source. 20 C.F.R. § 416.927(d). A "medical opinion" is defined as a statement from a physician, psychologist, or "other acceptable medical source" that reflects "judgments about the nature and severity of [a claimant's] impairment(s)." 20 C.F.R. § 416.927(a)(2). "Other acceptable medical sources" are licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. §§ 416.913(a); 416.902 ("acceptable medical source refers to one of the sources described in § 416.913(a) who provides evidence about [a claimants's] impairments").

7

required to provide some explanation of the consideration both opinions were given.

SSR 06-03p explains that information from an other source "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." Id. at *2. The ruling recognizes that:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions handled primarily by physicians and psychologists. Opinions from these medical sources who are not technically deemed "acceptable medical sources," under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with other evidence in the file.

Id. at *4.

With regard to explaining the consideration given to opinions from "other sources," SSR 06-03p states as follows:

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, *the adjudicator generally should explain the weight given to opinions from these "other sources,"* or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

Id. at *6 (emphasis added).

In his decision denying the Plaintiff DIB and SSI benefits, the ALJ failed to even mention the evaluations of Mr. Martin and Mr. McColloch. That failure was plain error. The Court rejects

the Commissioner's argument that the error was excusable because the evaluation completed by the Plaintiff's treating nurse practitioner, Mr. Martin, could not be "accorded any credence given that Mr. Martin also filled out the commercial driver's license form that, as noted, indicated that [the Plaintiff] had no significant physical problems." [Doc. 16 at 14]. The Court finds this argument unpersuasive because the ALJ did not attempt to provide an explanation, such as Mr. Martin's answers on a commercial driver's license form regarding the Plaintiff's physical condition, for rejecting the opinion of the Plaintiff's treating nurse practitioner, Mr. Martin. Additionally, the Court rejects the Commissioner's argument that the Plaintiff had only been seeing Mr. McColloch for less than five months and that Mr. McColloch seemed to rely solely on the Plaintiff's subjective complaints. [Doc. 16 at 15]. While Mr. McColloch had been seeing the Plaintiff for a short period of time, Mr. McColloch had already provided psychotherapy services during five visits before he completed an assessment of the Plaintiff's mental limitations. [Tr. 451].

The ALJ committed procedural error by failing to discuss the opinions of Mr. Martin and Mr. McColloch in his narrative decision. Thus, the ALJ's decision simply does not allow Plaintiff or the Court to follow his reasoning concerning the opinions of Mr. Martin and Mr. McColloch. See SSR 06-03p, 2006 WL 2329939, at *6. Accordingly, the Court concludes that this case should be remanded so that the ALJ can properly consider and discuss Mr. Martin's "Medical Assessment Form" and Mr. McColloch's "Assessment of Mental Limitations."

Although the Commissioner makes some good, and arguably persuasive, arguments regarding the possible reasons to not accept the opinions and reports of Mr. Martin and Mr. McColloch, the fact remains that the ALJ did not state or explain what weight, if any, he gave to these reports and opinions, or the basis for his decision. Accordingly, the Court can neither

substitute its own decisions nor the Commissioner's proposed arguments for this omission. Without such reference, there is nothing for this Court to evaluate. The ALJ should have addressed and on remand shall address these two medical sources; what weight, if any, he gives to them; his basis and reasoning for the determination; and what effect, if any, that has on his overall decision and determination.

## V. CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED**[2] the Commissioner's Motion for Summary Judgment **[Doc. 15]** be **DENIED**, and that Plaintiff's Motion For Judgment on the Pleadings **[Doc. 11]** be **GRANTED** to the extent that it requests that this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for consideration of the opinions expressed by Mr. Martin and Mr. McColloch.

    Respectfully submitted,

    s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370 (6th Cir. 1987).